**GUIDEONE INSURANCE COMPANY, Appellant,**

v.

**Betty Buckner CUPPS, Appellee.**

**No. 2–05–053–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 9, 2006.

---

W. Mark Midkiff, Fort Worth, J., for Appellant.

S. Gary Werley, Fort Worth, for Appellee.

PANEL B: CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### I. Introduction

GuideOne Insurance Company appeals a summary judgment rendered for Betty Buckner Cupps on the ground that the trial court lacked subject matter jurisdiction over GuideOne's claims against Cupps. In one issue, GuideOne asserts that (1) the trial court erred in determining that it lacked subject matter jurisdiction and (2) GuideOne's summary judgment evidence raises material fact issues. Because we hold that the trial court did not have subject matter jurisdiction in this case, we affirm.

### II. Background

In August 1998, Cupps sustained an injury in the course of her employment with Temple Christian School. She filed a workers' compensation claim with GuideOne, the workers' compensation carrier for the school. GuideOne began paying benefits under the Texas Workers' Compensation Act (the Act) in 1998. Thereafter, Cupps applied for supplemental income benefits (SIBs) on the basis that she was permanently and totally disabled, and GuideOne began paying those benefits without contesting her claim of disability.

In July 2003, GuideOne investigated Cupps's disability and, as a result, determined that she was not permanently and totally disabled and had been fraudulently obtaining SIBs. Notwithstanding the discovery of this information, GuideOne did not request a benefit review conference to contest Cupps's entitlement to the benefits or request the initiation of an administrative violation proceeding.[1] In July 2004, GuideOne sued Cupps in state district court for fraud, conversion, negligent misrepresentation, and violation of the Theft Liability Act in seeking SIBs.

Cupps filed a motion for summary judgment asserting, among other things, that the trial court lacked subject matter jurisdiction over GuideOne's claims because GuideOne had failed to exhaust its administrative remedies. The trial court granted Cupps's motion and dismissed GuideOne's claims.

### III. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the

---

1. See TEX. LAB.CODE ANN. §§ 408.147(a)-(b), 415.031 (Vernon 2006) (providing the procedures for an insurance carrier to contest an employee's entitlement to SIBs and to request an administrative violation proceeding).

summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[2] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[3]

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.[4] Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.[5]

■ When reviewing a summary judgment granted on a specific ground, we can affirm the judgment only if the ground on which the trial court granted relief is meritorious.[6]

### IV. Issues on Appeal

GuideOne argues that it was not required to exhaust its administrative remedies under the Act before pursuing its claims against Cupps for fraud, conversion, negligent misrepresentation, and Theft Liability Act violations because the Texas Workers' Compensation Commission (Commission) does not have exclusive jurisdiction over such claims. GuideOne further asserts that it is entitled to pursue its common-law claims because sections 415.034 and 415.035 of the Act do not give an insurance carrier either the right to seek a hearing to determine whether an administrative violation has occurred based on allegedly fraudulent conduct or standing to seek judicial review of the decision regarding an administrative violation.[7] Therefore, GuideOne contends, it has no remedy under the Act for recovering benefits that Cupps has wrongfully obtained.

### V. Exclusive Jurisdiction

We turn first to GuideOne's argument that it was not required to exhaust its administrative remedies because the Commission did not have exclusive jurisdiction over its claims.

■ Under the exclusive jurisdiction doctrine, the legislature grants an administrative agency the sole authority to make an initial determination in a dispute.[8] An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of reme-

2. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

3. *Sw. Elec. Power Co.*, 73 S.W.3d at 215.

4. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

5. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

6. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex.1996).

7. *See* Tex. Lab.Code Ann. §§ 415.034–.035 (Vernon 2006).

8. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex.2002); *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex.2000).

dying the problem to which the regulation is addressed.[9] For example, when a cause of action and the remedy for its enforcement are derived not from the common law but from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable.[10]

■ If an agency has exclusive jurisdiction over a matter, a party must exhaust all administrative remedies before seeking judicial review of the agency's action.[11] Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction.[12]

■ In this case, we must determine whether the Act is a pervasive regulatory scheme that gives the Commission exclusive jurisdiction over GuideOne's claims

against Cupps. Statutory construction is a question of law that we review de novo.[13] We look to the legislature's intent as found in the plain and common meaning of the words and terms used.[14] We need not resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous.[15] When a statute fails to define a term, we apply and use its plain meaning.[16] We must not adopt a construction that would lead to an absurd result if the provision is subject to a more reasonable interpretation.[17] Further, we consider the provisions of a statute as a whole and not in isolation.[18]

## A. The Texas Workers' Compensation Act

The Act "vests the power to award compensation benefits solely in the Workers' Compensation Commission ... subject to judicial review."[19] This power encompass-

9. *Subaru of Am., Inc.,* 84 S.W.3d at 221.

10. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926), *overruled on other grounds, Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000); *Meekey v. Rick's Cabaret Int'l, Inc.,* 171 S.W.3d 394, 399 (Tex.App.-Houston [14th Dist.] 2005, pet. denied); *Burgess v. Gallery Model Homes, Inc.,* 101 S.W.3d 550, 553–54 (Tex.App.-Houston [1st Dist.] 2003, pet. denied).

11. *In re Entergy Corp.,* 142 S.W.3d 316, 321–22 (Tex.2004).

12. *Subaru of Am., Inc.,* 84 S.W.3d at 221; *see also* TEX. LAB.CODE ANN. § 415.035 (providing that a decision made in an administrative hearing is subject to judicial review).

13. *Subaru of Am., Inc.,* 84 S.W.3d at 221; *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

14. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997); *In re K.L.V.,* 109

S.W.3d 61, 65 (Tex.App.-Fort Worth 2003, pet. denied).

15. *St. Luke's Episcopal Hosp.,* 952 S.W.2d at 505; *Cail v. Serv. Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). Neither party in this case claims that the Act is ambiguous.

16. *See* TEX. GOV'T CODE ANN. § 312.002 (Vernon 2005) (Providing that words shall be given their ordinary meaning).

17. *C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 322 n. 5 (Tex.1994), *abrogated on other grounds, Battaglia v. Alexander,* 177 S.W.3d 893 (Tex.2005); *Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245, 249 (Tex.1991).

18. *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001).

19. *American Motorists Ins. Co. v. Fodge,* 63 S.W.3d 801, 803 (Tex.2001); *see also* TEX. LAB.CODE ANN. § 408.001(a) (Vernon 2006) (stating that "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage"). Benefits include medi-

es disputes involving compensation benefits.[20] The legislature, in enacting the workers' compensation system, intended to "strengthen the enforcement and adjudicatory powers of the Commission."[21]

The Act provides the following detailed procedures for contesting an employee's entitlement to SIBs and for initiating an administrative violation proceeding if a person fraudulently obtains a payment of those benefits.[22]

### 1. Benefit Review Conference

First, section 408.147 of the Act provides that an insurance carrier may request a benefit review conference to contest an employee's entitlement to SIBs within ten days after the Commission determines that the employee is entitled to benefits.[23] A "benefit review conference is a nonadversarial, informal dispute resolution proceed-

ing" designed to explain, discuss, and mediate disputed workers' compensation claims.[24] If a carrier does not make such a request within the ten-day period, it waives its right to contest entitlement to SIBs for that pay period only.[25] It can, however, timely contest entitlement to SIBs for subsequent pay periods.[26]

If issues remain unresolved after the benefit review conference, the parties may, by agreement, elect to engage in arbitration[27] or request a contested case hearing.[28] An arbitrator's award is final and binding on all parties and is subject to judicial review only in very limited circumstances.[29] In contrast, a party may appeal the decision of the contested case hearing officer to an appeals panel by filing a written request no later than the fifteenth day after the date the decision is received.[30] A decision of the appeals panel regarding benefits is subject to judicial

---

cal benefits and income benefits. Tex. Lab. Code Ann. § 408.003 (Vernon 2006).

**20.** *See Fodge,* 63 S.W.3d at 804 (stating that "only the Commission can determine a claimant's entitlement to compensation benefits").

**21.** *Howell v. Tex. Workers' Comp. Comm'n,* 143 S.W.3d 416, 437 (Tex.App.-Austin 2004, pet. denied) (quoting *Tex. Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 514 (Tex. 1995)).

**22.** *See* Tex. Lab.Code Ann. §§ 408.147, 415.008, 415.031; *see also Cont'l Cas. Co. v. Downs,* 81 S.W.3d 803, 806 (Tex.2002) (examining the statutory procedure regarding a carrier's refusal to pay benefits and noting that the legislature's goal in these statutes is to provide employees with either prompt payment or notice of denial of benefits and to streamline the process to avoid early attorney involvement).

**23.** Tex. Lab.Code Ann. § 408.147(a)-(b); 28 Tex. Admin. Code § 130.108(c) (1999) (Tex. Dep't of Ins., Div. of Workers' Compen.).

**24.** Tex. Lab.Code Ann. § 410.021.

**25.** *Id.* § 408.147(b).

**26.** *Id.* "SIBs are calculated quarterly and paid monthly." *Id.* § 408.144.

**27.** *Id.* § 410.104; *see also id.* §§ 410.102–.121 (Vernon 2006) (providing the procedures for pursuing a claim through arbitration).

**28.** *Id.* § 410.151; *see also id.* §§ 410.151–.169 (Vernon 2006) (stating the rules and procedures for pursuing a claim through a contested case hearing).

**29.** *See id.* §§ 410.119, 410.121 (providing that a court shall vacate an arbitrator's otherwise final order on a finding that: (1) the award was procured by fraud; (2) the decision was arbitrary; or (3) the award was outside the jurisdiction of the Commission).

**30.** *Id.* § 410.202; *see also id.* §§ 410.202–.204 (describing the rules and procedures for bringing a claim before the appeals panel).

review.[31] Judicial review may be sought by a party aggrieved by the appeals panel decision—including a workers' compensation insurance carrier—"that has exhausted its administrative remedies under this subtitle."[32]

## 2. Administrative Violation Proceedings

Second, the Act contains specific provisions addressing administrative violations committed in the course of obtaining workers' compensation benefits. Section 415.008 provides:

> (a) A person commits a violation if the person, to obtain or deny a payment of a workers' compensation benefit ... knowingly or intentionally:
>
> (1) makes a false or misleading statement;
>
> (2) misrepresents or conceals a material fact;
>
> (3) fabricates, alters, conceals, or destroys a document; or
>
> (4) conspires to commit an act described by Subsection (1), (2), or (3).
>
> . . . .
>
> (c) A person who has obtained an excess payment in violation of this section is liable for full repayment plus interest computed at the rate prescribed by Section 401.023.[33]

An "excess payment" is an amount greater than the amount to which the person obtaining the payment is otherwise entitled.[34] "Any person," including a worker's compensation insurer,[35] may request the initiation of an administrative violation proceeding by filing a written allegation with the division.[36]

The Act also contains provisions for notifying a person accused of an administrative violation.[37] The charged party must, not later than the twentieth day after receiving the notice, pay a penalty determined by the Commission or make a written request for a hearing.[38] On request of the charged party or the Commissioner, a hearing must be conducted on the adminis-

---

31. *Id.* § 410.205(a).

32. *Id.* § 410.251; *see Ins. Co. of State of Pa. v. Orosco,* 170 S.W.3d 129, 132 (Tex.App.-San Antonio 2005, no pet.); *see also Johnson v. United Parcel Serv.,* 36 S.W.3d 918, 920 (Tex. App.-Dallas 2001, pet. denied) (holding that an insurance carrier may seek judicial review of an appeals panel decision because the carrier is liable for workers' compensation benefits).

33. TEX. LAB.CODE ANN. § 415.008(a),(c).

34. *See id.* §§ 408.142(a), 408.144(b) (stating the requirements an employee must meet before she is entitled to SIBs and how such benefits are calculated); *id.* §§ 408.123, 408.126, 408.128 (providing the procedure to calculate an employee's entitlement to and amount of impairment income benefits).

35. *See id.* § 415.002 (referring to an insurance carrier or its representative as a "person" with regard to administrative violations).

36. *Id.* § 415.031.

37. *Id.* § 415.032.

38. *Id.* In determining the amount of an administrative penalty, the commissioner must consider the seriousness of the violation, the history and extent of previous violations, any good faith the violator has shown, the amount needed to deter future violations, and the possible economic benefit to the violator from the prohibited act. *Id.* § 415.021(c). The penalty for fraudulently obtaining or denying benefits under section 415.008, a class B administrative violation, is a fine not to exceed $5,000, plus full repayment of the excess payment with interest. *Id.* §§ 415.008(b),(c), 415.022(2).

trative violation proceeding and the hearing officer must make findings of fact and conclusions of law and issue a written decision at the close of the hearing.[39] Under section 415.035, a decision made at the hearing is subject to judicial review in the manner provided under Chapter 2001 of the government code.[40] Section 2001.171 of the government code provides that "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." [41]

## B. The Commission's Jurisdiction

■ We believe that the pervasive regulatory scheme described above evidences the legislature's intent to give the Commission exclusive jurisdiction under the Act to resolve the issues raised by GuideOne's claims, such as whether a person is entitled to SIBs and whether the person fraudulently obtained those benefits,[42] before any party pursues such claims in court.[43] Specifically, section 408.147 provides the Commission with the authority to make an initial determination regarding a party's entitlement to SIBs by conducting a benefit review conference.[44] Chapter 410 delineates the specific procedures for contesting a decision made at the benefit review conference, and the legislature has specifically stated that judicial review of a final decision by the appeals panel is permitted only if "[a] party has exhausted its administrative remedies under this subtitle." [45] Also, the Commission has the authority to make the initial determination regarding whether a party fraudulently obtained benefits under section 415.008.[46] By providing that decisions made at the administrative violation hearings are subject to judicial review,[47] the legislature has indicated its intent that the Commission

**39.** *Id.* § 415.034(b).

**40.** *See id.* § 415.035(a).

**41.** Tex. Gov't Code Ann. § 2001.171 (Vernon 2006). In light of these provisions, GuideOne's argument that section 415.035 does not give an insurance carrier standing to seek judicial review of an administrative violation determination is incorrect.

**42.** *See* Tex. Lab.Code Ann. § 408.147(a)-(b); 28 Tex. Admin. Code § 130.108(c) (setting out the procedure to contest an employee's entitlement to SIBs); Tex. Lab.Code Ann. §§ 415.008(a)-(c), 415.031, 415.034–.035 (setting out the procedure for conducting an administrative violation hearing).

**43.** *See Subaru of Am., Inc.*, 84 S.W.3d at 223; *In re Entergy Corp.*, 142 S.W.3d at 321–22 (both discussing exclusive jurisdiction); *see also Tex. Mut. Ins. Co. v. Eckerd Corp.*, 162 S.W.3d 261, 266 (Tex.App.-Austin 2005, pet. denied) (holding that a medical fee dispute between a workers' compensation insurance carrier, pharmacies, and pharmacies' billing companies concerning alleged over-billing for prescription drugs dispensed to claimants fell within the exclusive jurisdiction of the Commission and the trial court did not have jurisdiction to hear the carrier's claims until it had exhausted administrative remedies); *Howell*, 143 S.W.3d at 437–38 (holding that the Commission has exclusive jurisdiction over medical fee disputes between providers and insurers).

**44.** *See* Tex. Lab.Code Ann. § 408.147(a)-(b); *see also Fodge*, 63 S.W.3d at 804 ("[O]nly the Commission can determine a claimant's entitlement to compensation benefits.").

**45.** Tex. Lab.Code Ann. § 410.251; *Fodge*, 63 S.W.3d at 804 (holding that a court cannot award workers' compensation benefits except on appeal from a Commission ruling).

**46.** *See* Tex. Lab.Code Ann. § 415.008(a),(c).

**47.** *Id.* § 415.035(a); Tex. Gov't Code Ann. § 2001.171.

must resolve claims arising under section 415.008 [48] first before the courts may grant relief.

In this case, GuideOne's fraud, conversion, negligent misrepresentation, and Theft Liability Act claims against Cupps are all based on GuideOne's allegation that Cupps was not permanently and totally disabled and, therefore, had been fraudulently obtaining SIBs. GuideOne does not seek any damages unrelated to or independent of the allegedly overpaid SIBs.[49] Thus, GuideOne's common-law and Theft Liability Act claims merely seek to recover overpaid workers' compensation benefits, and the legislature has given the Commission exclusive jurisdiction under the Act to make the initial determination regarding these claims. GuideOne cannot circumvent this exclusive authority simply by restating its claims under other legal theories.[50] Therefore, we hold that the Commission had exclusive jurisdiction over GuideOne's common-law and Theft Liability Act claims.

Further, GuideOne could have disputed Cupps's entitlement to the SIBs by timely requesting a benefit review conference followed by a contested case hearing, or it could have requested the initiation of an administrative violation proceeding at any time.[51] Had GuideOne followed the proper procedures for requesting a benefit review conference and obtained a final decision that it did not owe Cupps supplemental benefits, GuideOne could have been reimbursed for any overpayments made under a previous decision.[52] Similarly, if GuideOne had requested an administrative violation proceeding and the hearing officer had determined that Cupps had committed a violation, GuideOne could have recovered "full repayment plus interest" of the excess payment Cupps received [53] plus a potential penalty.[54] Thus, the Act provided GuideOne a remedy for recovering any SIBs that Cupps fraudulently obtained. Moreover, following exhaustion of either of these remedies, GuideOne could have sought judicial review.[55] Because GuideOne did not exhaust its remedies, how-

---

**48.** *See* Tex. Lab.Code Ann. § 415.008(a) (covering claims that a person obtained or denied payment of compensation benefits by making misleading statements or misrepresentations or by altering documents).

**49.** In its petition, GuideOne sought an unspecified amount of actual and exemplary damages, as well as attorney's fees; the exemplary damages were premised on Cupps's allegedly malicious actions in fraudulently obtaining SIBs.

**50.** *See Fodge,* 63 S.W.3d at 804; *see also Henry v. Dillard Dep't Stores, Inc.,* 70 S.W.3d 808, 809 (Tex.2002); *Macias v. Schwedler,* 135 S.W.3d 826, 830 (Tex.App.-Houston [1st Dist.] 2004, pet. denied) (all stating that a court cannot award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due).

**51.** *See* Tex. Lab.Code Ann. §§ 408.147, 410.151, 415.031.

**52.** *See id.* § 410.209.

**53.** *See id.* § 415.008(c).

**54.** *See id.* § 415.021(c). In assessing an administrative penalty, the commissioner may consider, among other things, the seriousness of the violation and the history and extent of previous violations. *Id.*

**55.** *See id.* §§ 410.251, 415.035(a); Tex. Gov't Code Ann. § 2001.171. Because GuideOne could have requested the initiation of an administrative proceeding and was entitled to judicial review of the hearing officer's decision, the mere fact that GuideOne could not request a hearing under section 415.034 to determine whether an administrative violation occurred did not leave GuideOne without a remedy under the Act.

ever, the trial court lacked subject matter jurisdiction over GuideOne's claims.[56]

## Conclusion

For the foregoing reasons, we conclude that the trial court properly granted Cupps's motion for summary judgment based on lack of subject matter jurisdiction. In light of our holding that the trial court lacked subject matter jurisdiction, we need not address GuideOne's remaining arguments.[57] Accordingly, we overrule GuideOne's issue and affirm the trial court's judgment.

**56.** See In re Entergy Corp., 142 S.W.3d at 321–22; Bone v. Utica Nat'l Ins. Co., No. 02–002–00209–CV, 2003 WL 21810944, at *4 (Tex. App.-Fort Worth Aug. 7, 2003, pet. denied) (mem.op.).

**57.** See Tex.R.App. P. 47.1.