

# NUMBER 13-17-00347-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

REBECCA GALLARDO,                                                     Appellant,

v.

INSURANCE COMPANY OF
THE STATE OF PENNSYLVANIA,                                        Appellee.

### On appeal from the 117th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Perkes and Rodriguez[1]
Memorandum Opinion by Justice Rodriguez**

Pro se appellant Rebecca Gallardo appeals the trial court's summary judgment in

---

[1] Retired Thirteenth Court of Appeals Justice Nelda Rodriguez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003.

favor of appellee Insurance Company of the State of Pennsylvania (ICSOP). By four issues, which we address as three, Gallardo contends that the trial court improperly granted ICSOP's combined motion for no-evidence and traditional summary judgment.[2] We affirm.

## I. BACKGROUND

On June 2, 2008, Gallardo sustained an on-the-job injury for which she sought workers' compensation benefits. ICSOP was the workers' compensation insurance carrier available through Gallardo's employer. The Texas Department of Insurance, Division of Worker's Compensation (Division), concluded that Gallardo was not entitled to receive the workers' compensation benefits she sought. In February 2011, Gallardo filed suit in County Court at Law Number One of Nueces County, Texas for judicial review of the Division's decision that she was not entitled to first, second, third, or fourth-quarter supplemental income benefits (SIBs). Pursuant to a Rule 11 agreement, the parties settled Gallardo's suit, agreeing that she was entitled to first through third-quarter SIBs.

On April 12, 2012, the trial court, in a separate cause, signed a final judgment in accordance with the settlement agreement providing that Gallardo was entitled to SIBs

---

[2] Gallardo's brief is multifarious and provides little or no legal analysis of the facts sufficient for us to properly construe many of her arguments.

> We review and evaluate pro se pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by lawyers. The Texas Rules of Appellate Procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." It is not the proper role of this Court to create arguments for an appellant—we will not do the job of the advocate.

*Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied) (internal citations omitted). Accordingly, because Gallardo's arguments are difficult to construe, and she has not provided a clear and concise argument for the contentions made, we will do our best to address her issues as we understand them, and to the extent we cannot construe her arguments, we find them to be inadequately briefed. *See id.*; *$4,310 in U.S. Currency v. State*, 133 S.W.3d 828, 829 (Tex. App.—Dallas 2004, no pet.).

for the first, second, and third quarters. However, the agreement, as adopted by the final judgment, provided that Gallardo was not entitled to SIBs for the fourth, fifth, sixth, seventh, and eighth quarters. ICSOP paid the first, second, and third-quarter SIBs to Gallardo. The parties executed a proposed "DWC-24 Form" and submitted it to the Division for review on May 10, 2012, which the Division denied on May 15, 2012.

In July 2012, ICSOP filed suit against Gallardo in the Court at Law Number Two of Nueces County, Texas for conversion, fraud-in-the inducement, and breach of the settlement agreement, claiming that Gallardo refused to cooperate in executing a new DWC-24 Form for submission to the Division. ICSOP also sought specific performance of the settlement agreement. Gallardo filed an answer and plea to the jurisdiction, a counter-claim, and a motion for sanctions. ICSOP filed a motion for traditional and no-evidence summary judgment requesting specific performance of the settlement agreement or the return of the settlement funds. The trial court granted summary judgment and ordered specific performance of the settlement agreement. The trial court concluded that Gallardo (1) was entitled to SIBs for the first, second, and third quarters; (2) was not entitled to SIBs for the fourth, fifth, sixth, seventh, and eighth quarters; (3) could not recover attorney fees in excess of $12,500; and (4) "shall cooperate with ICSOP in order to ensure that all necessary paperwork, including [the DWC-24 Form] covering the fifth, sixth, seventh, and eighth quarters, is timely submitted and approved" by the Division.

In our Court, Gallardo appealed the trial court's summary judgment in appellate cause number 13-14-00132-CV, and she filed a petition for writ of mandamus or prohibition in appellate cause number 13-14-00203-CV. *See Gallardo v. Ins. Co. of the*

*State of Pa.*, No. 13-14-00132-CV, 2015 WL 730846, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 19, 2015, pet. denied) (mem. op.); *In re Gallardo*, No. 13-14-00203-CV, 2015 WL 730920, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 19, 2015, orig. proceeding). We affirmed the trial court's grant of ICSOP's motion for summary judgment as modified by our decision in the mandamus proceeding. *See Gallardo*, 2015 WL 730846 at *1. In the mandamus proceeding, we concluded that the trial court had jurisdiction to order Gallardo to cooperate by presenting a DWC-24 Form to the Division. *In re Gallardo*, 2015 WL 730920, at *1. Regarding whether Gallardo was entitled to the fifth through eighth-quarter SIBs, we concluded the trial court lacked jurisdiction because Gallardo had not exhausted her administrative remedies regarding her entitlement to those quarters and the Division had not approved a benefit dispute agreement (BDA) as to those quarters. *See id*. at *10. We conditionally granted mandamus relief directing the trial court to strike those portions of its order stating that Gallardo was not entitled to the fifth through eighth-quarter SIBs. *Id*. at 12. We denied all other relief requested by Gallardo. *See id*.

Thus, in sum, we affirmed the trial court's summary judgment in favor of ICSOP; we concluded that the trial court had jurisdiction to order Gallardo to cooperate and present another DWC-24 Form; and we concluded that the trial court lacked jurisdiction to determine Gallardo's eligibility to the fifth through eighth-quarter SIBs because she had not exhausted her administrative remedies. *See Gallardo*, 2015 WL 730846, at *6; *In re Gallardo*, 2015 WL 730920, at *10. Finally, we concluded that the Rule 11 agreement required the parties to cooperate in presenting to the Division a DWC-24 Form addressing Gallardo's fifth through eighth-quarter SIBs and that the trial court's order requiring

4

Gallardo to cooperate did not affect the Division's prior denial of the parties' executed DWC-24 Form or direct the Division to approve a new DWC-24 Form the parties presented. *In re Gallardo*, 2015 WL 730920, at *8–10. We explained that a purported Rule 11 agreement existed that provided Gallardo was not entitled to fifth through eighth-quarter SIBs because the Division had not yet approved a BDA regarding SIBs for those quarters meaning Gallardo had not exhausted her remedies. *Id*. at *9–10. Citing *Texas Mutual Insurance Co. v. Ruttiger*, among other cases, we noted in a parenthetical that a plaintiff exhausts administrative remedies when the Division approves the BDA. *Id*. at *8 (citing 381 S.W.3d 430, 441 (Tex. 2012)).

Prior to our decisions, on August 9, 2013, Gallardo filed suit in this cause claiming that the Division improperly found she is not entitled to lifetime income benefits (LIBs) beginning on the date of her injury and SIBs for the fifth through eighth quarters. Gallardo stated that she "had exhausted her administrative remedies and now [sought] judicial review pertaining to her SIBs claims." ICSOP filed a general denial.

On March 31, 2017, ICSOP filed a motion for no-evidence and traditional summary judgment arguing, among other things, that Gallardo "failed to timely exhaust her administrative remedies for quarters 8–10, thereby depriving the Court of jurisdiction over same." The trial court granted ICSOP's motion, and this appeal followed.

## II. SIBs

By her first and second issues, Gallardo contends the trial court improperly granted summary judgment regarding her claim for SIBs because (1) the trial court lacked jurisdiction, and (2) there had not been an adequate time for discovery.

5

## A.    Jurisdiction

Gallardo argues that the law of the case doctrine applies here because this Court in its previous mandamus proceeding already determined that the trial court in that cause lacked jurisdiction to determine her entitlement to SIBs for the fourth through eighth quarters. *In re Gallardo*, 2015 WL 730920, at *8. Thus, Gallardo reasons the trial court lacks jurisdiction in this cause over her causes of action. However, whether the law of the case doctrine applies is not dispositive to this appeal. *See* TEX. R. APP. P. 47.1.

In *In re Gallardo*, we determined that the trial court lacked jurisdiction to address whether Gallardo was entitled to SIBs for the fourth through eighth quarters.[3] *In re Gallardo*, 2015 WL 730920, at *8. We did so because at that time, Gallardo had not exhausted her administrative remedies and the Division had not made a determination regarding those quarters. *Id*. However, if Gallardo had exhausted her administrative remedies and the Division had made its final decision regarding the contested SIBs, Gallardo would have been free to seek judicial review of the Division's decision in the trial court through the process described in the Texas Labor Code. *See id*. Nonetheless, if a party fails to exhaust administrative remedies regarding SIBs, that party's case must be dismissed, and the opposing party may request such dismissal in a motion for summary judgment. *See GuideOne Ins. Co. v. Cupps*, 207 S.W.3d 900, 902, 908 (Tex. App.—Fort Worth 2006, pet. denied).

On appeal and in the trial court, Gallardo admits that she failed to exhaust her administrative remedies, and we are unable to reconcile her arguments. First, she wants us to reverse the trial court's summary judgment which granted the dismissal of her SIBs

---

[3] We note that in her live pleading, Gallardo did not seek fourth-quarter SIBs.

6

claim; yet, she concedes and requests that we find that the trial court lacked jurisdiction over her SIBs claims. Accordingly, considering that Gallardo concedes she has not exhausted her administrative remedies and that the trial court lacked jurisdiction over her claims, the proper disposition is to dismiss her suit regarding the SIBs for lack of jurisdiction. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 560 (Tex. 2016) (finding that the appellants had not exhausted their administrative remedies and explaining that the proper remedy is to dismiss the suit for lack of jurisdiction); *GuideOne Ins. Co.*, 207 S.W.3d at 908 (affirming trial court's grant of summary judgment because the party failed to exhaust administrative remedies and the trial court lacked jurisdiction). The trial court disposed of these SIBs claims, and we agree that Gallardo's SIBs claims must be dismissed. Therefore, because the proper remedy is dismissal of her claims, we cannot conclude that the trial court improperly granted ICSOP's motion for summary judgment disposing of Gallardo's SIBs claims.[4] *See Clint Indep. Sch. Dist.*, 487 S.W.3d at 560; *see also Tara Partners, Ltd. v. CenterPoint Energy Res. Corp.*, 371 S.W.3d 441, 444 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (explaining that "[w]hether an agency has exclusive jurisdiction is a question of law we review de novo" and affirming the trial court's judgment dismissing the plaintiff's claims because the plaintiff had not exhausted its administrative remedies). We overrule Gallardo's first issue.

## B.    Discovery

By her second issue, Gallardo contends the trial court improperly granted ICSOP's motion for no-evidence summary judgment regarding the contested SIBs because the

---

[4] We note that ICSOP moved for summary judgment in part on the basis that Gallardo had not exhausted her administrative remedies, and the trial court stated that its "traditional and no evidence motion for summary judgment is hereby in all respects granted . . . ."

parties did not engage in any discovery in the judicial review proceedings below.[5] However, as stated above, Gallardo concedes that the trial court lacked jurisdiction over her SIBs claims. Therefore, it properly dismissed those claims, and whether there was a proper time for discovery is not dispositive.[6] We overrule Gallardo's second issue.

### III. LIBs

By her third issue, Gallardo contends that the trial court improperly granted summary judgment regarding her LIBs claim. ICSOP responds that summary judgment was proper because Gallardo failed to provide more than a scintilla of evidence that she suffered an injury to the spine that resulted in permanent and complete paralysis of both arms, both legs, or one arm and one leg and that "she has 'total or substantial' loss of use, let alone loss of some function."

### A. Standard of Review and Applicable Law

A party may move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Inds., Inc. v. Gish*, 286 S.W.3d 306, 310

---

[5] Rule 166a(i) provides a party may move for no-evidence summary judgment after an adequate time for discovery has passed. *Rankin v. Union Pac. R. Co.*, 319 S.W.3d 58, 68 (Tex. App.—San Antonio 2010, no pet.) (citing TEX. R. CIV. P. 166a(i)). The rule does not require that discovery be completed, only that there was adequate time for discovery. *Id.* (citing *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)).

[6] Nonetheless, we note that nothing in the record indicates that, in the trial court, Gallardo filed an affidavit explaining her need for further discovery or a verified motion for continuance as required to preserve this issue. *See Rankin*, 319 S.W.3d at 68 (citing *Tenneco Inc. v. Enter. Prods.* Co., 925 S.W.2d 640, 647 (Tex. 1996); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 524 (Tex. App.—San Antonio 2003, no pet.)). Moreover, in her brief, Gallardo has not provided any mention or analysis of the relevant factors we must analyze to determine whether there was an adequate time for discovery, and she does not state how much time she had for discovery, what discovery was completed, what further discovery was needed, or why the time allowed for discovery was not adequate. *See* TEX. R. APP. P. 38.1(i); *see also Robertson v. Sw. Bell Yellow Pages, Inc.*, 190 S.W.3d 899, 902 (Tex. App.—Dallas 2006, no pet.). Because we will not make Gallardo's arguments, she has not met her appellate burden. *See $4,310 in U.S. Currency*, 133 S.W.3d at 829.

(Tex. 2009). Once the motion is filed, the burden shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists when the evidence is "so weak as to do no more than create mere surmise or suspicion." *Id*.; *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.). "When reviewing a no-evidence summary judgment, we 'review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Timpte Inds., Inc.*, 286 S.W.3d at 310.

The Texas Workers' Compensation Act (Act) authorizes the award of LIBs to employees who lose certain body parts or suffer certain injuries in work-related accidents. *Ins. Co. of State of Pa. v. Muro*, 347 S.W.3d 268, 269 (Tex. 2011). Section 408.161 of the Act enumerates the specific body parts and injuries that qualify an employee for this type of benefit. *Id*. (citing TEX. LAB. CODE ANN. § 408.161(a)(1)(7)). Gallardo was entitled to LIBs if she suffered an "injury to the spine resulting in permanent and complete paralysis of both arms or both legs or of one arm and one leg." *See* TEX. LAB. CODE ANN. § 408.161(a)(1)(5).

9

**B. Discussion**

ICSOP filed a motion for no-evidence summary judgment claiming there was no evidence that Gallardo suffered an "injury to the spine resulting in permanent and complete paralysis of both arms or both legs or of one arm and one leg." *See id.* Once ICSOP filed its motion, the burden shifted to Gallardo to produce evidence raising a genuine issue of material fact regarding whether she suffered an "injury to the spine resulting in permanent and complete paralysis of both arms or both legs or of one arm and one leg." See TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc.*, 206 S.W.3d at 582; *see also* TEX. LAB. CODE ANN. § 408.161(a)(1)(5). Gallardo did not file a response to ICSOP's motion; thus, she did not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *King Ranch, Inc.*, 118 S.W.3d at 751. Accordingly, the trial court's summary judgment was proper. *Viasana v. Ward County*, 296 S.W.3d 652, 655 (Tex. App.—El Paso 2009, no pet.) (explaining that the plaintiff's failure to respond to a motion for no-evidence summary judgment required the trial court to grant it). We overrule Gallardo's third issue.

**IV. CONCLUSION**

We affirm the trial court's judgment.

NELDA RODRIGUEZ,
Justice

Delivered and filed the
20th day of June, 2019.