Wesley BARRON, Appellant,

v.

**COOK CHILDREN'S HEALTH CARE SYSTEM and Cook Children's Physician Network, Appellees.**

**No. 2–06–200–CV.**

Court of Appeals of Texas,
Fort Worth.

March 1, 2007.

Foreman, Lewis & Hutchison, P.C., Susan Hutchison, Grapevine, for appellant.

Lynn Pham & Ross, LLP, Kent R. Smith, Fort Worth, for appellees.

PANEL B: HOLMAN, GARDNER and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction

Wesley Barron appeals the trial court's summary judgment in favor of Cook Children's Health Care System ("CCHCS") and Cook Children's Physician Network ("CCPN") (collectively "Appellees"). In two issues, Barron contends that Texas Health and Safety Code section 161.134 applies to CCHCS and CCPN employees who are terminated for reporting violations of law and that she reported a "violation of law." We will affirm.

### II. Factual and Procedural Background

Barron is a licensed vocational nurse who worked in an office staffed by two pediatric physicians.[1] While employed at that office, Barron reported her concerns about the way one of the pediatric physicians treated patients. Specifically, she complained that the physician was not providing adequate care or prescribing adequate medication to children who came in with respiratory problems. Barron reported these complaints to the office administrator. The administrator investigated the situation the following week and suspended Barron until completion of the administrative review process. Barron was ultimately terminated.

Shortly thereafter, Barron filed suit against CCHCS and CCPN, seeking relief pursuant to Texas Health and Safety Code section 161.134 and claiming that CCHCS and CCPN terminated her employment because she reported violations of law.[2] Appellees moved for summary judgment on grounds that CCHCS was not a proper party to the suit, that neither CCHCS nor CCPN were the types of entities subject to section 161.134, and that Barron never reported a violation of law. The trial court granted summary judgment on the latter two grounds, and Barron timely filed a motion for new trial and a notice of appeal.

---

1. Barron contends that she worked for CCHCS, which she alleges is the parent company of CCPN. Appellees contend, however, that Barron worked for CCPN only. But as set forth below, it makes no difference if we classify CCPN, CCHCS, or both as Barron's employer.

2. Her suit also sought relief under Texas Occupations Code sections 301.402(f) and 301.413(b)(c). But the trial court granted summary judgment in favor of Appellees on this claim and Barron does not appeal that ruling.

### III. Analysis

In her first issue, Barron argues that the trial court erred by granting Appellees' motion for summary judgment because both CCHCS and CCPN are "treatment facilities," and employees of CCHCS and CCPN are therefore entitled to the protections of section 161.134. Appellees contend that summary judgment was proper because a "treatment facility," as defined in the statute, is a substance abuse treatment facility, and neither CCHCS nor CCPN are substance abuse treatment facilities.

#### A. Standard of Review

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 798 (Tex.2004); *see* Tex.R. Civ. P. 166a(b), (c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr.,* 143 S.W.3d at 798.

#### B. Health & Safety Code Section 161.134

In her petition, Barron alleged that Appellees violated section 161.134 of the health and safety code by retaliating against her for reporting actual or suspected violations of law. In their motion for summary judgment and on appeal, Appellees contend that they are not subject to section 161.134 because they are not hospitals, mental health facilities, or treatment facilities.

Section 161.134 provides that a "hospital, mental health facility, or treatment facility may not suspend or terminate the employment of or discipline or otherwise discriminate against an employee for reporting ... a violation of law." Tex. Health & Safety Code Ann. § 161.134(a) (Vernon 2001). The plain language of the statute limits its application to three types of entities—hospitals, mental health facilities, and treatment facilities. Barron does not contend that Appellees fall within either of the initial two categories. Rather, her sole argument is that because the term "treatment facility" is defined as encompassing "primary care facilities" and "outpatient care facilities," among others, Appellees must be considered treatment facilities and therefore subject to section 161.134.

Chapter 161's definitions provide that a treatment facility "has the meaning assigned by Section 464.001." *Id.* § 161.131(10). Section 464.001 defines terms contained in Chapter 464, a chapter entitled "Facilities Treating Alcoholics and Drug–Dependent Persons." *Id.* § 464.001. The relevant definitions are as follows:

(4) "Treatment" means a planned, structured, and organized program designed to initiate and promote a person's chemical-free status or to maintain the person free of illegal drugs.

(5) "Treatment facility" means:

(A) a public or private hospital;

(B) a detoxification facility;

(C) a primary care facility;

(D) an intensive care facility;

(E) a long-term care facility;

(F) an outpatient care facility;

(G) a community mental health center;

(H) a health maintenance organization;

(I) a recovery center;

(J) a halfway house;

(K) an ambulatory care facility; or

(L) any other facility that offers or purports to offer treatment.

*Id.* § 464.001(4)-(5). Essentially, Barron argues that Appellees fall within subsections (C) and (F) above, and are therefore subject to section 161.134's prohibition of retaliation against treatment facility employees who report violations of law. But Appellees contend that the definition of treatment facility in section 464.001 is modified by the previous definition of "treatment." That is, Appellees contend that a "primary care facility" or "outpatient care facility," as incorporated under the term "treatment facility," encompasses only those facilities that offer or purport to offer "treatment." The rules of statutory construction support Appellees' position.

### 1. Statutory Construction

■ When a statute is clear and unambiguous, we should give the statute its common meaning and will seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997); *In re K.L.V.,* 109 S.W.3d 61, 65 (Tex.App.-Fort Worth 2003, pet. denied). We need not resort to rules of construction or extrinsic aids to construe a statute that is clear and unambiguous. *St. Luke's Episcopal Hosp.,* 952 S.W.2d at 505; *Cail v. Serv. Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). We should not adopt a construction that would render a law or provision meaningless. *Centurion Planning Corp. v. Seabrook Venture II,* 176 S.W.3d 498, 504 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

Neither party asserts that section 161.134 is, nor do we find it to be, ambiguous. Accordingly, we look to the plain and common meaning of the words and terms used. *St. Luke's Episcopal Hosp.,* 952 S.W.2d at 505. Here, it is undisputed that a primary care facility and an outpatient care facility are defined as treatment facilities under section 464.001. But we are bound to adopt a construction of "treat-

ment facility" that would not render another provision meaningless. *See Centurion Planning Corp.,* 176 S.W.3d at 504. The definition of "treatment facility" includes subsections (A) through (L). *See* TEX. HEALTH & SAFETY CODE ANN. § 464.001(5). That last subsection provides that a "treatment facility" includes "any other facility that offers or purports to offer *treatment.*" *Id.* § 464.001(5)(L) (emphasis added). If we held that *all* primary care facilities or *all* outpatient care facilities, and not just those that offer or purport to offer treatment—as that term is defined—are nonetheless "treatment facilities" under sections 464.001, 161.131, and 161.134(a), then we would effectively adopt a construction that would render both sections 464.001(5)(L) and 464.001(4) meaningless.

In the same light, if we held that all of the facilities, centers, organizations, or houses listed under "treatment facility" in section 464.001(5) are to be considered "treatment facilities," regardless of whether they offer "treatment," then we would also adopt a construction that would render other entity classifications in section 161.134(a) meaningless. Section 161.134(a) applies to (1) a hospital, (2) a mental health facility, or (3) a treatment facility. *Id.* § 161.134(a). If we held that all of the entities listed in section 464.001(5) were to be considered treatment facilities for the purpose of section 161.134(a), then the term "treatment facility" in section 161.134(a) could mean "a public or private hospital." *Id.* § 464.001(5)(A). Section 161.134(a) could then be read to apply to (1) a hospital, (2) a mental health facility, or (3) a public or private hospital; such a construction would render section 161.134(a)'s initial entity classification meaningless.

■ We therefore hold that section 161.134(a) applies to any "treatment facility" included in section 464.001(5), but only

so long as such entity has a "planned, structured, and organized program designed to initiate and promote a person's chemical-free status or to maintain the person free of illegal drugs." *See id.* § 464.001(4).

## 2. No Fact Issue on Elements of Section 161.134(a) Claim

■ To prove a retaliatory discharge claim, a plaintiff must show that (1) she was an employee of a hospital, mental health facility, or treatment facility; (2) she reported a violation of law; (3) the report was made to a supervisor, an administrator, a state regulatory agency, or a law enforcement agency; (4) the report was made in good faith; and (5) she was suspended, terminated, disciplined or otherwise discriminated against. *See id.* 161.134(a), (f); *Muenster Hosp. Dist. v. Carter,* No. 02–06–00301–CV, 2007 WL 174413, at *4 (Tex.App.-Fort Worth Jan. 25, 2007, no pet. h.). Barron had the burden to prove these elements.[3] TEX. HEALTH & SAFETY CODE ANN. § 161.134(f). In light of our statutory construction, Barron had to prove that Appellees were primary care facilities, outpatient facilities, or other entities listed in section 464.001(5) that had a "planned, structured, and organized program designed to initiate and promote a person's chemical-free status or to maintain the person free of illegal drugs." *See id.* § 464.001(4).

■ Here, Barron produced no evidence to show that either CCHCS or CCPN had a program to initiate and promote a person's chemical-free status or to maintain the person free of illegal drugs. The evidence produced through summary judgment was as follows. Barron worked as a pediatric office nurse in an office where two pediatric physicians worked. Barron's reported complaints, which initiated the alleged retaliation at issue in this case, involved a physician's treatment of children with respiratory conditions. The evidence also demonstrated that CCHCS provided administrative and management functions to other entities, and that CCPN employed over 200 physicians and their staff and operated "what would commonly be recognized as doctors' offices."[4] None of the evidence, however, demonstrated that this office had a program to initiate and promote or maintain a person's chemical-free status.

Even taking as true all evidence favorable to Barron, and indulging every reasonable inference and resolving any doubts in Barron's favor, no summary judgment evidence exists that either CCHCS or CCPN was a "treatment facility" under the applicable statutory definition. *See IHS Cedars Treatment Ctr.,* 143 S.W.3d at 798. Because neither CCHCS nor CCPN was a treatment facility, they were both entitled to summary judgment as a matter

3. There is, however, a rebuttable presumption for the fifth element if the complained—of action occurred within sixty days of her report. TEX. HEALTH & SAFETY CODE ANN. § 161.134(f). Barron arguably may be entitled to this presumption because she was terminated shortly after reporting the alleged violations of law. But as discussed below, that presumption does not overcome the lack of proof under the first element.

4. Barron herself testified as such in her deposition:

Q: Basically what that was, was a doctor's office, correct?
A: Yes.
Q: It wasn't a hospital?
A: No.
Q: It wasn't a mental health facility?
A: No.
Q: It wasn't a substance abuse treatment facility?
A: No.

of law. TEX.R. CIV. P. 166a(c). Accordingly, we overrule Barron's first issue.

## IV. CONCLUSION

Because a treatment facility is any entity listed in section 464.001(5) of the health and safety code that has a "planned, structured, and organized program designed to initiate and promote a person's chemical-free status or to maintain the person free of illegal drugs," and because there was no issue of material fact as to whether either CCHCS or CCPN fell within that definition of a treatment facility, we overrule Barron's first issue. We need not address Barron's second issue because resolution of the first issue is dispositive in this case. *See* TEX.R.APP. P. 47.1. We therefore affirm the trial court's judgment.