02-11-059-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00059-CV

 

 


 
 
 Liberty Mutual Insurance Company AND Texas
 Department of Insurance, Division of Workers’ Compensation
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Ricky Adcock
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 67th
District Court OF Tarrant COUNTY

----------

OPINION

----------

                                                                                                        
I.       
Introduction

          In
one issue, Appellants Liberty Mutual Insurance Company and the Texas Department
of Insurance, Division of Workers’ Compensation assert that the trial court
erred by granting summary judgment for Appellee Ricky Adcock, arguing that the Division
had jurisdiction in 2009 to review a 1997 award of Lifetime Income Benefits (LIBs)
to Adcock.  We affirm.

                                                                       
II.       
Factual and Procedural Background

          This
is the Once-In-A-Lifetime case.  Because this case turns on statutory
construction, we need not conduct an extensive recitation of the factual and
procedural background.  Suffice it to say that in 1991, Adcock received a
compensable on-the-job injury, and in 1997, the Division’s Appeals Panel held
that Adcock was entitled to LIBs due to the total and permanent functional loss
of use of his right foot above the ankle and right hand up to and including the
right wrist.  This decision was not appealed.

          Several
years later, Liberty Mutual, the workers’ compensation carrier, sought to
reopen Adcock’s case, asserting that Adcock was no longer entitled to LIBs
because he no longer had the total and permanent functional loss of use that
was the basis of his award.  The issues certified by the hearing officer and
agreed to by the parties were:

(1) Is Claimant entitled to lifetime
income benefits (LIBs) as of this date based on total and permanent loss of use
of his hands and legs?

 

(2) As a result of the decision and order
of the Appeals panel in Appeal No. 970981, does the Division have jurisdiction
to determine continuing entitlement to lifetime income benefits (LIBs)?

 

After
a hearing officer determined that Adcock was entitled to continued LIBs, the
Division’s Appeals Panel found that the Division had jurisdiction to reopen the
case but that Adcock continued to be entitled to LIBs.

          On
appeal to the district court, Adcock argued that based on the statutory
language in labor code section 408.161 and on principles of res judicata and
collateral estoppel, the case could not be reopened.  The Division intervened,
asserting that it had jurisdiction.  The trial court agreed with Adcock’s
premise that the Division could not reopen the 1997 case and granted Adcock’s
summary judgment.  In its final judgment, it stated, “[T]he Court enters
judgment that the Texas Department of Insurance—Division of Workers’
Compensation, and by extension this Court, lacks jurisdiction to revisit the
issue of [LIBs] awarded to Plaintiff in 1997.”  This appeal followed.

                                                                                                     
III.       
Jurisdiction

          Labor
code section 408.161 states that “lifetime income benefits are paid until the
death of the employee” for the loss of certain, statutorily specified body
parts.  See Tex. Lab. Code Ann. § 408.161(a) (West 2006).  It also
provides that “the total and permanent loss of use of a body part is the loss
of that body part.”  Id. § 408.161(b) (West 2006).

          Liberty
Mutual and the Division argue that the Division can revisit whether the loss of
use of a body part is permanent, asserting that “lifetime” as used in the
statute refers to eligibility and duration, not entitlement.  They contend that
because the legislature has vested the Division with exclusive jurisdiction to
resolve workers’ compensation disputes, “[n]either the nature of the income
benefit nor the existence of a prior order bars the Division from exercising
its exclusive jurisdiction,” and that this is consistent with the legislature’s
recognition that an employee’s entitlement to benefits can change over the life
of the claim.  And they add that to hold otherwise would be nonsensical because
an injured worker who improved would continue to receive LIBs, even though he no
longer met the statutory criteria.[1]

          Adcock
responds that once he became eligible for LIBs, no further review was permitted
because no such review is provided for in the statute’s plain language.  He
points out that given the severity of injuries to which LIBs apply,[2]
it would violate due process and be “inherently cruel and unfair to subject
such frail individuals to the stress and uncertainty of what amounts to a
lifetime of litigation.”

A.  
Standard of Review

          We
review an issue of statutory construction on the same basis that we review a
summary judgment:  de novo.  See Tex. R. Civ. P. 166a(c); Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010); Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009); City of Rockwall v. Hughes, 246 S.W.3d 621, 625 (Tex. 2008). 
Further,

[i]n construing
statutes, we ascertain and give effect to the Legislature’s intent as expressed
by the language of the statute.  We use definitions prescribed by the
Legislature and any technical or particular meaning the words have acquired.  Otherwise,
we construe the statute’s words according to their plain and common meaning,
unless a contrary intention is apparent from the context, or unless such a
construction leads to absurd results.  We presume the Legislature intended a
just and reasonable result by enacting the statute.  When a statute’s language
is clear and unambiguous, it is inappropriate to resort to rules of
construction or extrinsic aids to construe the language.

 

City
of Rockwall, 246 S.W.3d at 625–26 (citations omitted).  Our
practice when construing a statute is to recognize that “the words [the
Legislature] chooses should be the surest guide to legislative intent,” Presidio
Indep. Sch. Dist. v. Scott, 309 S.W.3d 927, 930 (Tex. 2010), and we must “‘take
statutes as [we] find them.’”  RepublicBank Dallas, N.A. v. Interkal, Inc.,
691 S.W.2d 605, 607 (Tex. 1985) (quoting Simmons v. Arnim, 110 Tex. 309,
220 S.W. 66, 70 (1920)).

B.  
Analysis

          We
begin our analysis with the well-established principle that an administrative
agency may exercise only those powers that the legislature “confers upon it in
clear and express language, and [that it] cannot erect and exercise what really
amounts to a new or additional power for the purpose of administrative
expediency.” Tex. Natural Res. Conservation Comm’n v. Lakeshore Util. Co.,
164 S.W.3d 368, 377 (Tex. 2005).  This is because an administrative agency is a
creature of the legislature, with no inherent authority of its own.  Id. 
However, when the legislature expressly confers a power on an agency, “it also
impliedly intends that the agency have whatever powers are reasonably necessary
to fulfill its express functions or duties.”  Id. at 378.

          In
this case, the agency is the Division, which possesses exclusive jurisdiction
regarding claims arising under the Texas Workers’ Compensation Act (TWCA).  See
In re Metro. Transit Auth., 334 S.W.3d 806, 810 (Tex. App.—Houston [1st
Dist.] 2011, orig. proceeding).  “‘Construction of a statute by the
administrative agency charged with its enforcement is entitled to serious
consideration, so long as the construction is reasonable and does not
contradict the plain language of the statute.’”  Mid-Century Ins. Co. of
Tex. v. Ademaj, 243 S.W.3d 618, 623 (Tex. 2007) (quoting Tarrant App.
Dist. v. Moore, 845 S.W.2d 820, 822 (Tex. 1993)); State v. Pub. Util.
Comm’n of Tex., 883 S.W.2d 190, 196 (Tex. 1994) (“[T]he contemporaneous
construction of a statute by the administrative agency charged with its
enforcement is entitled to great weight.”).  But see TGS-NOPEC
Geophysical Co. v. Combs, 340 S.W.3d 432, 438 (Tex. 2011) (stating that
deference to an agency’s interpretation is not conclusive or unlimited).

          Further,
we must construe the provisions of the TWCA liberally in favor of the injured
worker, to effectuate the purposes for which it was enacted:  “‘[A] strained
and narrow construction of [the TWCA] would be improper.  Moreover, it would be
injudicious to construe the statute in a manner that supplies by implication
restrictions on an employee’s rights that are not found in . . . [the] plain
language.’”  In re Poly-Am., L.P., 262 S.W.3d 337, 350 (Tex. 2008)
(orig. proceeding) (quoting Kroger v. Keng, 23 S.W.3d 347, 349 (Tex.
2000)); Tex. Gen. Indem. v. Workers’ Comp. Comm’n, 36 S.W.3d 635, 640
(Tex. App.—Austin 2000, no pet.) (“[T]he liberal construction we apply to
workers’ compensation legislation [is] to carry out its evident purpose of
compensating injured workers and their dependents.”).

          The
legislature is well aware of how to afford the Division the opportunity to
review awards made to claimants under the TWCA.  Under the prior TWCA, article
8306, section 12d specifically allowed review upon a change of condition,
mistake, or fraud, providing that

[u]pon its own motion
or upon the application of any person interested showing a change of condition,
mistake or fraud, the Board at any time within the compensation period, may
review any award or order, ending, diminishing or increasing compensation
previously awarded, within the maximum and minimum provided in this Law, or
change or revoke its previous order denying compensation, sending immediately
to the parties a copy of its subsequent order or award.  Provided, when such
previous order has denied compensation, application to review same shall be
made to the Board within twelve months after its entry, and not afterward. 
Review under this Section shall be only upon notice to the parties interested.

Act
of May 20, 1931, 42nd Leg. R.S., ch. 155, § 1, sec. 1, 1931 Tex. Gen. Laws 260,
260 (emphasis added), repealed by Act effective Jan. 1, 1991, 71st Leg.
2nd C.S., ch. 1, sec. 16.01(7), 1989 Tex. Gen. Laws 114, 114.  This language
was not included in the recodification of the TWCA into the labor code.

          Further,
under the present TWCA, the legislature has provided for quarterly review of eligibility
for Supplemental Income Benefits (SIBs), Tex. Lab. Code Ann. § 408.143(b) (West
2006).  A SIBs recipient’s status is reviewable annually, and his or her medical
condition is reviewable after two years.  Id. §§ 408.149, .151 (West
2006).  For Temporary Income Benefits (TIBs), a recipient’s treating physician
reviews and prepares a work status report when there is a change in the ability
to work.  28 Tex. Admin. Code Ann. § 129.5(d)(2) (2009) (Tex. Dep’t of
Ins., Div. of Workers’ Comp., Work Status Reports).  And Death Income Benefits
are subject to review due to a change in marital status or status as a minor.  Tex.
Lab. Code Ann. § 408.183 (West 2006 & Supp. 2010).

          In sum, the statutory language stating that
LIBs are “paid until the death of the employee,” and the legislature’s clear
intent when enacting the TWCA to provide for review under several other
circumstances but not once entitlement to LIBs has been established,[3]
indicates to us that the legislature gave the Division no express or implicit
authority for further review of LIBs after eligibility is determined.

          Liberty
Mutual and the Division rely on Deep East Texas Self Insurance Fund, Appeal
No. 020432-s, 2002 WL 971079 (Tex. Workers’ Comp. Comm’n Apr. 10, 2002), as
authority to support their jurisdictional argument.  In Deep East Texas,
after the claimant received an award of LIBs in 1999 upon a finding of loss of
permanent function in his legs, he was videotaped in situations showing that he
could walk independently without a walker, cane, or other device.  Id.
at *1–2.  The Appeals Panel considered whether the Commission (now the
Division) had jurisdiction to reopen the issue of entitlement to LIBs and
decided, in a 2-to-1 decision, that there was “no rational basis for holding
that the Commission has no continuing jurisdiction to resolve disputes over
entitlement to these [LIB] benefits.”  Id. at *2, 4.  The majority
reached this decision despite acknowledging (1) that there was “no express
provision in the 1989 Act or in the Commission’s rules authorizing and
providing a mechanism for the raising, and resolving, of a disputed issue
concerning continued entitlement to LIBs once initially determined;” (2) that
agencies, as creatures of statute, may “exercise only those specific powers
conferred upon them by law in clear and express language,” with no additional
authority implied by judicial construction; and (3) that the predecessor
statute’s language authorizing review of any award or order previously awarded
if there was a change of condition, mistake, or fraud was not carried over into
the 1989 Act.  Id. at *3–4.

          Further,
according to the Deep East Texas majority, a contested case hearing is
not the proper forum to determine an administrative violation such as obtaining
benefits by fraud, and the Appeals Panel has no authority to order
administrative penalties and repayment of fraudulently obtained income
benefits; rather, the State Office of Administrative Hearings sets the hearing,
under labor code section 415.034.  Id. at *4; see also Tex. Lab.
Code Ann. § 415.034 (West 2006) (stating that on the request of the
charged party or the commissioner, the State Office of Administrative Hearings
shall set a hearing and the hearing shall be conducted in the manner provided
for a contested case under government code chapter 2001).  But the majority
stated that its jurisdictional determination and rendition of a new decision
that the claimant was not entitled to future LIBs eliminated the need for the
self-insured to initiate a section 415.031 administrative violation
proceeding.  Deep E. Tex., 2002 WL 971079, at *4; see also Tex.
Lab. Code Ann. § 415.031 (West 2006) (“Any person may request the initiation of
administration violation proceedings by filing a written allegation with the
division.”); GuideOne Ins. Co. v. Cupps, 207 S.W.3d 900, 902, 908 (Tex.
App.—Fort Worth 2006, pet. denied) (stating that under labor code section
415.008, the Commission has authority to resolve the claims—such as GuideOne’s
fraud, conversion, negligent misrepresentation, and Theft Liability Act claims
against Cupps for allegedly fraudulently obtaining SIBs—first, through
administrative remedies such as through a benefit review conference or
administrative violation proceeding, before the courts may grant relief).  The Deep
East Texas majority’s conclusion would render section 415.031 meaningless,
among others.[4]  See Barron v. Cook
Children’s Health Care Sys., 218 S.W.3d 806, 809 (Tex. App.—Fort Worth
2007, no pet.) (stating that we should not adopt a construction that would
render a law or provision meaningless).

          The
dissent disputed the idea that the Commission had jurisdiction to continue to
review the claimant’s entitlement to LIBs.  Deep E. Tex., 2002 WL
971079, at *5 (Chaney, J., dissenting).  Specifically, Appeals Judge Chaney stated
that any remedy available to the insurance carrier under the case’s
circumstances was in section 415.031.  Id.  She also pointed out, as we
have noted above, that the legislature did not continue the previous Act’s
specific allowance for continued review into the present Act, and she noted
that the legislature’s failure to carry the provision forward into the 1989 Act
“significantly undermine[d] an argument that the Commission has an implied
authority to make such a modification.”  Id.  Finally, she pointed out
that, as here, the carrier did not appeal the original determination that the
claimant was entitled to LIBs, and to follow the majority’s reasoning would do
“exactly what the . . . court [in Lumbermens Mutual Casualty Co. v. Manasco,
971 S.W.2d 60 (Tex. 1998)] state[d] is prohibited, namely permitting the carrier
to ‘use a second set of administrative proceedings to bootstrap a belated
appeal’ of a final benefits determination.”[5]  Id. at *6; see
also Rodriguez v. Serv. Lloyds Ins. Co., 997 S.W.2d 248, 256 (Tex. 1999)
(stating that in Manasco, the court “rejected any notion that this
section [410.307] created an independent, substantive right to reopen the
impairment issue after the claimant had failed to timely appeal”).

          We
agree with the arguments set out by the Deep East Texas dissent.  See
2002 WL 971079, at *5–6; see also Poly-Am., L.P., 262 S.W.3d at
350; Tex. Natural Res. Conservation Comm’n, 164 S.W.3d at 377–78.  As
acknowledged by Liberty Mutual and the Division, there is no express language
in section 408.161 that gives the Division the right to revisit the issue of
LIBs entitlement whenever it chooses, and the statutory scheme recounted above
clearly shows that the legislature knew how to include this authority if it so
desired.  Compare Act of May 20, 1931, 42nd Leg. R.S., ch. 155,
§ 1, 1931 Tex. Gen. Laws 260, 260 (repealed 1989), with Tex. Lab.
Code Ann. §§ 415.008, .031, .034, 418.001.  Therefore, we conclude that the
Division has no implied right to review LIBs under section 408.161 after the
initial administrative and appellate remedies have been exhausted, and we
overrule Liberty Mutual’s and the Division’s sole issue.  See Entergy Gulf
States, Inc. v. Summers, 282 S.W.3d 433, 443 (Tex. 2009) (op. on reh’g) (“Enforcing
the law as written is a court’s safest refuge in matters of statutory
construction, and we should always refrain from rewriting text that lawmakers
chose.”).

Conclusion

          Having
overruled Liberty Mutual’s and the Division’s sole issue, we affirm the trial
court’s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
DAUPHINOT and MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting
by Assignment).

 

DELIVERED:  October 20, 2011









[1]This argument leads to the
inescapable conclusion that, if Liberty Mutual and the Division are correct,
LIBs can be relitigated at any time and for an unlimited number of times.





[2]LIBs are paid until the
death of the employee for total and permanent loss of sight in both eyes; loss
of both feet at or above the ankle; loss of both hands at or above the wrist;
loss of one foot at or above the ankle and the loss of one hand at or above the
wrist; an injury to the spine that results in permanent and complete paralysis
of both arms, both legs, or one arm and one leg; a physically traumatic injury
to the brain resulting in incurable insanity or imbecility; or third degree burns
that cover at least 40% of the body and require grafting, or third degree burns
covering the majority of either both hands or one hand and the face.  See Tex.
Lab. Code Ann. § 408.161(a)(1)–(7).





[3]The Texas Supreme
Court recently compared these benefits, stating,

 

          Lifetime
income is the greatest income benefit a worker can receive under the workers’
compensation act.  In addition to lifetime income, the act provides for three
lesser awards: temporary income benefits, impairment income benefits, and
supplemental income benefits.  These benefits accrue when a compensable injury
causes a decrease in the employee’s earnings and are generally paid weekly by
the insurance carrier “as and when they accrue.”  A claimant’s combined
eligibility for temporary income benefits, impairment income benefits, and
supplemental income benefits generally terminates 401 weeks after the date of
injury.  But the 401-week limitation does not apply to lifetime income
benefits, which, as the name implies, are payable until the injured employee’s
death.

 

Ins. Co. of State of Pa. v. Muro, No. 09-0340, 2011
WL 3796569, at *2 (Tex. Aug. 26, 2011) (citations omitted) (emphasis added); see
also Region XIX Serv. Ctr. v. Banda, 343 S.W.3d 480, 485 (Tex. App.—El Paso
2011, pet. filed) (“The loss of use must also be permanent for a
claimant to qualify for lifetime income benefits.” (emphasis added)).





[4]Labor code section 415.008
provides that a person commits a Class B administrative violation if, to obtain
a payment of a workers’ compensation benefit, he knowingly or intentionally
makes, among other things, a false or misleading statement, misrepresents or
conceals a material fact, or conspires to do one of these acts.  See Tex.
Lab. Code Ann. § 415.008(a), (b) (West 2006).  For committing a Class B
administrative violation under section 415.008, the violator is liable for full
repayment plus interest.  Id. § 415.008(c).  We have not
encountered a LIBs case involving section 415.008.  Cf. Cupps,
207 S.W.3d at 908 (involving SIBs).

          We also note that
current section 418.001 states that it is a state jail felony if someone, with
the intent to obtain payment of benefits of $1,500 or more under chapter 418,
knowingly or intentionally makes, among other things, a false or misleading
statement or misrepresents or conceals a material fact.  See id. § 418.001
(West 2006).  Section 418.001 has not yet been construed.

          Neither party has
explained how these sections might affect the jurisdictional question before
us.  We infer that these sections may have been intended as a replacement for
former article 8306, section 12d, but they do not include any express provision
for review by the Division under the procedure used in this case.





[5]In Manasco, the
supreme court interpreted the “substantial change of condition” language in
section 410.307 to hold that a claimant could not obtain reconsideration of his
original, unappealed impairment rating by using a second set of administrative
proceedings to “bootstrap” a belated appeal for judicial review of that rating
because allowing claimants to do so would distort the TWCA beyond its intent. 
971 S.W.2d at 64.