**TARA PARTNERS, LTD., Appellant,**

v.

**CENTERPOINT ENERGY RESOURCES CORPORATION, Appellee.**

No. 01–11–00050–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 19, 2012.

Matthew Paul Nickson, Matthew P. Nickson, P.L.L.C, Houston, TX, Appellant.

Emily Herbster, Linda Marie Roberts Glover, Winstead, P.C., Houston, TX, for Appellee.

Panel consists of Justices KEYES, BLAND, and SHARP.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Tara Partners, Ltd. ("Tara Partners"), challenges the trial court's dismissal without prejudice of its suit pursuant to the plea to the jurisdiction of appellee, CenterPoint Energy Resources Corp. ("CenterPoint"). In its sole issue on appeal, Tara Partners argues that the trial court erred in granting CenterPoint's plea to the jurisdiction and in dismissing its case.

We affirm.

### Background

Tara Partners sued "CenterPoint Energy" for breach of contract, alleging that CenterPoint had billed Tara Partners for more natural gas than it actually used. Specifically, Tara Partners argued that CenterPoint "has materially breached ... contractual arrangements ... because [it] has, with respect to substantial portions of the period ranging from November 2009 through February 2010, invoiced [Tara Partners] for the price of more cubic feet of natural gas than [Tara Partners] actually consumed." Tara Partners requested that the trial court "retroactively correct [CenterPoint's] bills for natural gas" and award it damages in the amount it was required to overpay.

CenterPoint Energy, Inc. filed a plea to the jurisdiction and a verified denial asserting that it was not liable in the capacity alleged by Tara Partners. Tara Partners subsequently amended its pleading to add appellee, CenterPoint, as a defendant, and it non-suited CenterPoint Energy, Inc.

CenterPoint filed its own plea to the jurisdiction, arguing that the trial court lacked jurisdiction over the case because the Texas Utilities Code has established a regulatory scheme that confers exclusive jurisdiction for claims regarding rate disputes and refunds for overcharges on the Texas Railroad Commission or on the municipality involved. *See* TEX. UTIL.CODE ANN. §§ 101.001–105.051 (Vernon 2007 & Supp. 2011).

Tara Partners responded, arguing that, because its suit is based on a private contract, no administrative regulation of natural gas rates and services applies to its claim. It also stated that it attempted to file a complaint with the Texas Railroad Commission, which dismissed the complaint. Tara Partners attached the letter it received from the Railroad Commission. The letter provided that it was in reference to the "Request for an Informal Complaint by Small Commercial Customer Tara Partners, Ltd. Against CenterPoint Energy." The letter stated that Tara Partners' complaint, which it determined involved a billing dispute, "is not subject to the informal complaint process, which is reserved for complaints over natural gas transmission discrimination issues." The letter further stated that "consumer bill complaints [are handled] through the Market Oversight Section's consumer complaint function," but it concluded, "Since the dispute is the subject of a lawsuit, the matter has proceeded beyond this Division's ability to facilitate a resolution."

The trial court granted CenterPoint's plea to the jurisdiction and dismissed Tara Partners' claims without prejudice. This appeal followed.

### Analysis

In its sole issue, Tara Partners argues that the trial court erred in granting CenterPoint's plea to the jurisdiction.

444

## A. Standard of Review

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Id.* at 446. The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

Whether a trial court has subject-matter jurisdiction is a question of law and is reviewed de novo. *See Mayhew v. Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). When conducting a de novo review, the appellate court exercises its own judgment and redetermines each legal issue, giving no deference to the trial court's decision. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex.1998).

In deciding a plea to the jurisdiction, a court may not weigh the claims' merits, but must consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

CenterPoint asserts that the City of Houston, as the municipality where Tara Partners' gas service is provided, and/or the Texas Railroad Commission have exclusive jurisdiction. "An agency has exclusive jurisdiction when the Legislature has granted that agency the sole authority to make an initial determination in a dispute." *In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex.2004) (orig. proceeding) (citing *Subaru of Am. Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221

(Tex.2002) and *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 18 (Tex.2000)). If an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking review of the agency's action, and, until the party has done so, the trial court lacks subject-matter jurisdiction and must dismiss any claim within the agency's exclusive jurisdiction. *Id.* at 321–22. Whether an agency has exclusive jurisdiction is a question of law we review de novo. *See id.* at 322; *David McDavid Nissan*, 84 S.W.3d at 222.

## B. Analysis

As Tara Partners argues, there is a constitutional presumption that district courts are authorized to resolve disputes. *See In re Entergy Corp.*, 142 S.W.3d at 322 (citing TEX. CONST. art. V, § 8). We also observe that administrative agencies "may exercise only those powers the law confers upon them in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency." *Id.* Thus, we must determine whether, as CenterPoint argues, "the 'Constitution or other law' conveys exclusive, appellate, or original jurisdiction on another court or administrative agency." *See id.* Whether the Texas Railroad Commission and/or the City of Houston has exclusive jurisdiction over Tara Partners' claim depends on statutory interpretation. *See id.* (citing *David McDavid Nissan*, 84 S.W.3d at 221).

"An agency has exclusive jurisdiction 'when a pervasive regulatory scheme indicates that Congress intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed.'" *Id.* (quoting *David McDavid Nissan*, 84 S.W.3d at 221). When construing a statute, our objective is to determine and give

effect to the Legislature's intent. *Id.* (citing *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003)). We look to the plain and common meaning of the statute's words, and when the statute's meaning is unambiguous, we interpret that statute according to its plain language. *Id.* (quoting *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002)).

The legislature enacted the Gas Utility Regulatory Act ("GURA") "to establish a comprehensive and adequate regulatory system for gas utilities to assure rates, operations, and services that are just and reasonable to the consumers and to the utilities." *See* TEX. UTIL.CODE ANN. §§ 101.001–.002 (Vernon 2007) ("Gas utilities are by definition monopolies in the areas they serve.... Public agencies regulate utility rates, operations, and services as a substitute for competition."). GURA provides:

(a) The railroad commission has exclusive original jurisdiction over the rates and services of a gas utility:

(1) that distributes natural gas or synthetic natural gas in:

(A) areas outside a municipality; and

(B) areas inside a municipality that surrenders its jurisdiction to the railroad commission under Section 103.003; and

(2) that transmits, transports, delivers, or sells natural gas or synthetic natural gas to a gas utility that distributes the gas to the public.

(b) The railroad commission has exclusive appellate jurisdiction to review an order or ordinance of a municipality exercising exclusive original jurisdiction as provided by this subtitle.

*Id.* § 102.001 (Vernon 2007).

Regarding the jurisdiction of a municipality, GURA provides:

To provide fair, just, and reasonable rates and adequate and efficient services, the governing body of a municipality has exclusive original jurisdiction over the rates, operations, and services of a gas utility within the municipality, subject to the limitations imposed by this subtitle,[1] unless the municipality surrenders its jurisdiction to the railroad commission under Section 103.003.

*Id.* § 103.001 (Vernon 2007).

GURA defines "gas utility" as including "a person or river authority that owns or operates for compensation in this state equipment or facilities to transmit or distribute combustible hydrocarbon natural gas or synthetic natural gas for sale or resale in a manner not subject to the jurisdiction of the Federal Energy Regulatory Commission under the Natural Gas Act (15 U.S.C. Section 717 et seq.)...." *Id.* § 101.003(7) (Vernon Supp. 2011). A "person" includes "an individual, a partnership of two or more persons having a joint or common interest, a mutual or cooperative association, a limited liability company, and a corporation." *Id.* § 101.003(10). A "rate" is defined as:

(A) any compensation, tariff, charge, fare, toll, rental, or classification that is directly or indirectly demanded, observed, charged, or collected by a gas utility for a service,

---

1. GURA further provides that the administrative decisions of a municipality are appealable to the Texas Railroad Commission and that decisions of the Railroad Commission are subject to judicial review. *See* TEX. UTIL.CODE ANN. § 103.024 (Vernon 2007) (providing that municipality is entitled to judicial review of certain decisions of Railroad Commission); *id.* §§ 103.051–.053 (Vernon 2007) (providing for appeal of municipality decisions to Railroad Commission); *id.* § 105.001 (Vernon 2007) (providing right to judicial review of decisions of Railroad Commission).

product, or commodity described in the definition of gas utility in this section; and

(B) a rule, regulation, practice, or contract affecting the compensation, tariff, charge, fare, toll, rental, or classification.

*Id.* § 101.003(12). Finally, GURA provides that "service"

has its broadest and most inclusive meaning. The term includes any act performed, anything supplied, and any facilities used or supplied by a gas utility in the performance of the utility's duties under this subtitle to its patrons, employees, other gas utilities, and the public. The term also includes the interchange of facilities between two or more gas utilities.

*Id.* § 101.003(14).

■ The statutory description of GURA as "comprehensive" demonstrates the Legislature's intent that GURA encompass all or virtually all pertinent considerations involving gas utilities operating in Texas. *See id.* §§ 101.001–002; *cf. In re Entergy Corp.*, 142 S.W.3d at 323 (construing essentially identical language of the Public Utility Regulatory Act ("PURA")).[2] Furthermore, sections 102.001 and 103.001 grant "exclusive original jurisdiction" over the rates and services to the municipality or to the Railroad Commission when no municipality is involved. *See* TEX. UTIL.CODE ANN. §§ 102.001, 103.001.

Tara Partners' dispute involves the amount it was billed for natural gas provided by CenterPoint. CenterPoint is a corporation "that owns or operates for compensation in this state equipment or facilities to transmit or distribute combustible hydrocarbon natural gas or synthetic natural gas for sale," and, thus, it is a "gas utility" as defined by GURA. *See id.* §§ 101.003(7), (10). A "rate" includes any charge demanded or collected by a gas utility "for a service, product, or commodity described in the definition of gas utility," including a "practice[ ] or contract affecting the compensation, tariff, charge, fare, toll, rental, or classification." *See id.* § 101.003(12); *see also id.* § 101.003(14) (giving "service" its "broadest and most inclusive meaning," including "anything supplied" by gas utility "in the performance of the utility's duties under this subtitle to its patrons"). Thus, Tara Partners' claim that CenterPoint incorrectly charged it for natural gas falls under the statutory definitions of "rate" or "service" over which the municipality or Railroad Commission has exclusive original jurisdiction. *See id.* §§ 102.001, 103.001; *cf. In re Entergy Corp.*, 142 S.W.3d at 323–24 (construing essentially identical language of PURA and concluding that Legislature expressed clear intention that Public Utility Commission have exclusive jurisdiction over dispute between Entergy and ratepayers).[3]

---

**2.** As analyzed by the Texas Supreme Court in *In re Entergy Corp.*, PURA provides that its purpose is "to establish a comprehensive and adequate regulatory system for electric utilities to assure rates, operations, and services that are just and reasonable to the consumers and to the electric utilities." *In re Entergy Corp.*, 142 S.W.3d 316, 323 (Tex.2004) (orig. proceeding) (quoting TEX. UTIL.CODE ANN. § 31.001(a) (Vernon 2007)).

**3.** As analyzed by the Texas Supreme Court in *In re Entergy Corp.*, PURA provides that the Public Utility Commission has "exclusive original jurisdiction over the rates, operations, and services of an electric utility in (1) areas outside a municipality; and (2) areas inside a municipality that surrenders its jurisdiction to the Commission under Section 33.002." *In re Entergy Corp.*, 142 S.W.3d at 323 (quoting TEX. UTIL.CODE ANN. § 32.001 (Vernon 2007)).

Because the municipality—or, in the event that the municipality has surrendered its jurisdiction, the Railroad Commission—has exclusive jurisdiction over this claim, Tara Partners was required to exhaust all administrative remedies before seeking review of the agency's action in the district court. *See In re Entergy Corp.*, 142 S.W.3d at 321. It is undisputed that Tara Partners has not pursued its claim with the municipality, nor has it pursued any appeal to the Railroad Commission;[4] thus, the trial court lacks subject-matter jurisdiction and properly dismissed Tara Partners' claim. *See id.* at 321–22.

Tara Partners argues that GURA does not apply to its claim because it is suing for breach of a private contract. However, the plain language of GURA defines a "rate" over which the municipality or Railroad Commission has exclusive original jurisdiction as including a "contract affecting the compensation, tariff, charge, fare, toll, rental, or classification" charged by a gas utility. *See* Tex. Util.Code Ann. § 101.003(12).

Tara Partners argues that the Texas Supreme Court considered a city's breach of contract lawsuit against a gas utility "without remarking upon the absence of subject matter jurisdiction." *See S. Union Co. v. City of Edinburg*, 129 S.W.3d 74, 76–77 (Tex.2003). However, *Southern Union* actually addressed the question of whether "gas purchased by consumers within the City from companies affiliated with [the gas utilities] is subject to the 4% franchise tax under [an applicable city ordinance]," and the gas sales at issue were "direct sales" made by unregulated "special marketing companies." *Id.* at 76. Thus, this case is distinguishable from the present case.

We further disagree with Tara Partners' assertion that *In re Entergy Corp.* "should be understood as contemplating that private contractual disputes between private parties and utilities can be maintained as original actions ... commenced in the state district courts." The Texas Supreme Court rejected the plaintiff's argument that the dispute involved a private contract and did not fall under the exclusive original jurisdiction provision in PURA. *In re Entergy Corp.*, 142 S.W.3d at 323–24. The supreme court held that the agreement at issue "affected the public interest and, more importantly, was the basis for the [Public Utility Commission's] regulatory approval of" Entergy's merger with another entity and was implemented by an order of the Public Utility Commission. *See id.* at 324. Here, as we have already held, the plain language of GURA provides that contracts affecting charges by a gas utility are considered "rates" over which the municipality or Railroad Commission has exclusive original jurisdiction, and Tara Partners' claim falls within the stated purpose of GURA's regulations. *See* Tex. Util. Code Ann. § 101.003(12) (defining "rate"); *id.* § 103.001 ("To provide fair, just, and reasonable rates and adequate and efficient services, the governing body of a

4. After the trial court's plenary power expired, Tara Partners filed a second letter from the Railroad Commission informing it that "[t]he Commission does not handle this type of complaint through the Commission's informal complaint process" and that "[t]he City of Houston has original jurisdiction in setting rates and handling quality of service issues for gas utilities within the city limits." We note that this letter does not create a fact issue regarding whether Tara Partners has exhausted its administrative remedies, because it remains undisputed that Tara Partners has not attempted to pursue its claim with the applicable municipality. *See* Tex Util.Code Ann. § 103.001 (Vernon 2007) (providing that governing body of municipality has exclusive original jurisdiction over rates, operations, and services of gas utility within municipality).

municipality has exclusive original jurisdiction over the rates, operations, and services of a gas utility within the municipality ....."); *see also In re Entergy Corp.,* 142 S.W.3d at 322 ("An agency has exclusive jurisdiction 'when a pervasive regulatory scheme indicates that Congress intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed.' ").

Thus, we conclude that the trial court lacked subject-matter jurisdiction over this claim, and its dismissal of the suit without prejudice was proper.

### Conclusion

We affirm the order of the trial court dismissing Tara Partner's suit.